RICHARD F. ARMKNECHT, III
Nevada Bar Number 5205
364 West 120 South
Lindon, Utah 84042
(801) 796-0901
FAX (413) 825-8570
adalaw@att.net
Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

\* \* \* \*

| | |
|---|---|
| WILLIAM NORKUNAS; PETER SPALLUTO; and DISABLED RIGHTS ACTION COMMITTEE;<br><br>Plaintiffs,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC, a Nevada Limited Liability Company; WYNN RESORTS, LIMITED, a Nevada corporation; and WYNN RESORTS HOLDINGS, LLC, a Nevada limited liability company;<br><br>Defendants. | CASE NO.:<br>CV-S- 07-cv-0096-RLH-PAL<br><br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**<br><br><br>ORAL ARGUMENT REQUESTED |

Plaintiffs, William Norkunas, Peter Spalluto, and Disabled Rights Action Committee ("DRAC"), by and through their attorneys, the law firm of Armknecht & Cowdell, P.C., hereby reply to "Defendants' Motion to Dismiss or, Alternatively, for a More Definite Statement." (Hereinafter "Renewed Motion to Dismiss"). The Defendants are hereinafter collectively referred to as "Wynn."

**I.   INTRODUCTION**

In a previously-filed Motion to Dismiss (Docket No. 6-1), Defendants Wynn Resorts,

Limited, and Wynn Resorts Holdings, LLC,[1] pointed to certain inadequacies in the original Complaint. The First Amended Complaint: (1) corrects erroneous allegations regarding Mr. Spalluto's plans; (2) adds Wynn Las Vegas, LLC, as a defendant, and (3) adds DRAC as a plaintiff. The Renewed Motion to Dismiss, however, shows that Wynn is simply unwilling to accept that notice pleading has come to the federal courts. Indeed, it is unlikely that *any* complaint that does not meet the pleading standards for a motion for summary judgment would be deemed acceptable by Wynn.

## II.  WYNN FAILS TO SUPPORT ITS DEMAND FOR HEIGHTENED PLEADING REQUIREMENTS FOR ADA TITLE III COMPLAINTS

The Federal Rules of Civil Procedure incorporate "liberal notice pleading . . . which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Notice pleading is adopted through Federal Rule of Civil Procedure 8. As the Supreme Court has often instructed, "the Rule mean[s] what it sa[ys].... [A]ll the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics*

---

[1] Footnote 1 of the Renewed Motion to Dismiss asserts that "neither Wynn Resorts Limited nor Wynn Resorts Holdings, LLC" is "a proper party to this action" because neither party "owns or operates the Wynn Las Vegas." Plaintiffs believe, however, that: (1) The titular "owner" and "operator" of the Wynn Las Vegas is "Wynn Las Vegas, LLC;" (2) "The sole member of ["Wynn Las Vegas, LLC] is Wynn Resorts Holdings, LLC;" and (3) "The sole member of Wynn Resorts Holdings, LLC is Wynn Resorts, Limited." See Exhibit A (from Form 10-K of Wynn Las Vegas, LLC, filed March 1, 2007 (page 2). Given the power of a sole member in a limited liability company (see N.R.S. 86.286 (regarding operating agreements) and N.R.S. 86.291 (regarding management of LLCs)), it is hardly "inexplicable" that business entities could be subject to injunctive relief where such entities have complete ownership of another business entity that holds legal title and is the "operating" entity. It is Wynn that fails to explain how any of the entities named in the lawsuit should be exempt from the typical scope of injunctive relief.

*Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993).  See also, *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 124 (3rd Cir. 1998) (in ADA case, dismissal due to "inartful pleading" is "the precise sort of pleading as a highly developed form of art that the federal rules sought to abandon.")

The Supreme Court has emphasized that the requirements at the pleading stage are *de minimus*.  See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998) (the court must "presume that the general allegations in the complaint encompass the specific facts necessary to support those allegations" at the pleading stage).  The requisites for standing are no exception to the pleading rules:

> . . . each element of Article III standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Defenders of Wildlife*, *supra*, at 561.  Thus, while a plaintiff must "set forth" by affidavit or other evidence "specific facts" to survive a motion for summary judgment, Fed. Rule Civ. Proc. 56(e), and must ultimately support any contested facts with evidence adduced at trial, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Defenders of Wildlife*, *supra*, at 561 (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990)).

*Bennett v. Spear*, 520 U.S. 154, 167-68 (1997).

Certainly, heightened pleading requirements *may* be set forth for particular causes of action (e.g., antitrust cases as required by 15 U.S.C. § 2 (see *McClain v. Real Estate Bd. of New Orleans*, 444 U.S. 232, 242 (1980)), or averments of fraud as required by Fed. Rule Civ. Proc. 9(b)).  However, "[a] requirement of greater specificity for particular claims is a result that 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'"

3

*Swierkiewicz*, 534 U.S. at 515.  Wynn has not identified any statute or rule of procedure that would impose a heightened pleading requirement regarding any of the claims that are the subject of the First Amended Complaint.

### III.   WYNN HAS FAIR NOTICE

The Renewed Motion to Dismiss is instructive with regard to the fact that Wynn is on "notice of what the plaintiff's claim is and the grounds upon which it rests."  Indeed, Wynn admits that the "First Amended Complaint . . . identifies the general nature of the alleged ADA violations." Renewed Motion to Dismiss, p. 15.  Wynn asserts that the First Amended Complaint's identification of the "general nature of the alleged ADA violations," however, is "vague" and therefore insufficient under Fed.R.Civ.P. 8.  At the pleading stage of litigation, however, courts will "presume that 'general allegations embrace those specific facts that are necessary to support a claim.'"  *Smith v. Pacific Properties and Development Corp.* 358 F.3d 1097, 1106 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).  Moreover, the United States Supreme Court long ago made it clear that the pleading rules:

> do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *The illustrative forms appended to the Rules plainly demonstrate this.* Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis.  The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that

4

> *the purpose of pleading is to facilitate a proper decision on the merits.*

*Conley v. Gibson*, 355 U.S. 41, 47-48 (1957), emphasis added.

Indeed, as the Supreme Court noted in *Conley v. Gibson, supra,* "the illustrative forms appended to the Rules plainly demonstrate" the sort of "short and plain statement of the claim" that is sufficient under FRCP 8(a). *Conley v. Gibson*, 355 U.S. at 47-48. For example, an illustrative form, "Form 5," reads (in its entirety) as follows:

> Form 5. Complaint for Goods Sold and Delivered
>
> 1. Allegation of jurisdiction.
>
> 2. Defendant owes plaintiff _____ dollars for goods sold and delivered by plaintiff to defendant between June 1, 1936 and December 1, 1936.
>
> Wherefore (etc. as in Form 3 ["plaintiff demands judgment against defendant for the sum of _____ dollars, interests and costs." Signed by attorney with address] ).

Federal Rules of Civil Procedure, Appendix of Forms.

Under the standard urged by Wynn in this case, Form 5 (the "Complaint for Goods Sold and Delivered") which is appended to the Federal Rules of Civil Procedure would be an impermissibly "vague" complaint (and be subject to dismissal). After all, "goods sold and delivered" could mean *any* goods (washing machines, "I" beams, shoes, toothpaste, books, compact disks, skim milk -- each good having its own particular characteristics) delivered by a *wide variety* of methods. Furthermore, delivery "by plaintiff to defendant" is also vague: did the plaintiff actually hand the goods to defendant? What if employees or agents (such as the United States Postal Service) were in the chain of delivery? More in line with Wynn's "vagueness" assertion in this case: at what

location were the goods delivered?  Clearly, however, the specificity demanded by Wynn is simply not required by the Federal Rules of Civil Procedure.

IV.    **WYNN SHOULD NOT BE ALLOWED TO USE A RULE 12(e) MOTION AS A SUBSTITUTE FOR DISCOVERY**

A motion for a more definite statement should not be granted unless the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  This liberal standard is consistent with Fed. R. Civ. P. 8(a) which allows pleadings that contain a "short and plain statement of the claim."  Motions made under Rule 12(e) are disfavored and rarely granted because of the minimal pleading requirements of the Federal Rules. *Sagan v. Apple Computer, Inc.,* 874 F. Supp. 1072, 1077 (CD. Cal. 1994) (*citing In re American Int'l Airways, Inc.,* 66 B.R. 642, 645 (E.D. Pa. 1986)).  Parties are expected to use the discovery process, not pleadings, to learn the specifics of the claims being asserted.  *Id.*  Where the substance of a claim has been alleged but some of the details have been omitted, the motion will likely be denied.  *Boxall v. Sequoia High School Dist.,* 464 F. Supp. 1104, 1113-14 (N.D. Cal. 1979).

Wynn has many questions regarding the specifics that underlie the general allegations of the First Amended Complaint.  These questions are appropriate for discovery, not for imposing heightened pleading requirements on the Plaintiffs.  Moreover, Wynn's assertion of an inability to "frame a responsive pleading" is largely undermined by Wynn's 4 pages (Renewed Motion to Dismiss, pp. 16-19) of responses to the First Amended Complaint.  As this Court has noted:

> Rule 12(e) is designed to strike at unintelligibility, rather than want of detail. 2A Moore's Fed. Prac., para. 12.18 at p. 2389. The Complaint herein is not so vague or ambiguous that the defendants cannot reasonably respond. A motion for more definite statement should not be granted to require evidentiary detail that may be the subject of discovery. *Wishnick v. One Stop Food & Liquor Store,*

6

>*Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973); *see also CMAX, Inc. v. Hall*, 290 F.2d 736, 738 (9th Cir. 1961).

*Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984).

Finally, Wynn's rationale for a heightened pleading standard is purportedly "its Rule 11 obligations" (see Renewed Motion to Dismiss, p. 15), but Fed.R.Civ.P. 8(b) clearly allows Wynn, as "a party . . . without knowledge or information sufficient to form a belief as to the truth of an averment" to "so state and this [would have] the effect of a denial."

V. **WYNN HAS NOT MET THE STANDARD FOR DISMISSAL *FOR LACK OF STANDING* UNDER RULE 12(b)(1)**

Defendants are correct that, generally speaking, a jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial challenge") or by presenting extrinsic evidence.  See *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000). Defendants (whether by oversight or otherwise), however, fail to fully describe the standard for dismissal under Rule 12(b)(1) *where the basis for dismissal is a lack of standing*.  Thus, Defendants cite to *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) for the proposition that "the plaintiff has the burden of proving jurisdiction in order to survive the motion."  Renewed Motion to Dismiss, p. 4.  *Tosco*, however, concerned diversity jurisdiction – *not* standing.

Indeed, what Wynn appears to seek is nothing less than a reversal of the burden for proving mootness.  Mootness has been recognized as a "powerful weapon against public law enforcement" that runs counter to public policy.  *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953).  Accordingly, "it is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice"

unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 189 (2000).

A. **The First Amended Complaint Is Sufficient to Survive a Facial Challenge**

To survive a facial challenge to *standing*, a plaintiff "need only show that the facts alleged, if proved, would confer standing upon him." See *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998)). Thus, the Ninth Circuit follows Supreme Court precedent which holds that a court must "presume that the general allegations in the complaint encompass the specific facts necessary to support those allegations" at the pleading stage. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998).

The First Amended Complaint clearly makes allegations sufficient for standing:
(1) Injury in Fact is alleged in the First Amended Complaint: "Plaintiffs (and, in the case of DRAC, its wheelchair-using members) are subjected to discriminatory conditions when they visit Wynn Las Vegas and/or when they are deterred from visiting Wynn Las Vegas because of the presence of discriminatory conditions. Plaintiffs (and in the case of Plaintiff DRAC, its members) suffer irreparable harm in the nature of humiliation, limitation of freedom, and other forms of intangible injuries to their dignity interests when they are so subjected to discriminatory conditions." First Amended Complaint, ¶11.
(2) Casual Connection Between the Injury and the Conduct Complained is alleged in paragraph 11 of the First Amended Complaint (quoted in full, *supra*).
(3) Likelihood that the Injury Will Be Redressed by a Favorable Court Ruling is alleged in the

First Amended Complaint.  See First Amended Complaint, ¶ 12-14.

## B. Defendants' Extrinsic Evidence Does Not Support Dismissal

Next, Defendants appear to argue that the exhibits attached to the original Motion to Dismiss and to the Renewed Motion to Dismiss are sufficient "extrinsic evidence" to support dismissal under Rule 12(b)(1).  Plaintiffs need not present any evidence of their own to show that Defendants have profoundly mischaracterized the exhibits attached to the Motion to Dismiss:  a plain reading of those exhibits (along with the First Amended Complaint itself) will suffice.

Quite simply, none of the extrinsic evidence presented by Defendants serves to negate *any* of the allegations of the First Amended Complaint.  First of all, name calling is an insufficient basis for a motion to dismiss.  Nevertheless, Wynn takes great pains (and even does injury to the facts as plead and to Wynn's own extrinsic evidence) in an effort to affix terms such as "professional[2] plaintiff" to the plaintiffs.  Merely because a plaintiff is active engaged in an effort to improve accessibility, however, does not deprive that plaintiff of standing.  See, e.g., *Tandy, et al. v. City of Wichita*, 380 F.3d 1277, 1285 (10th Cir. 2004) (Holding that "testers" have standing under the ADA; also holding that a plaintiff's averments to use a public accommodation several times per year - even without identifying specific dates - is not "speculative" and is sufficient to confer standing); *Shaver v. Independent Store Co.*, 350 F.3d 716, 723-25 (8th Cir. 2003) (Testers have standing to maintain ADA claims; and, the fact that plaintiff "manufactured" his claims and the conduct of aggrieved party is irrelevant in evaluating tester standing); *Molski v. Price*, 224 F.R.D. 479 (C.D.Cal. 2004) (Plaintiff who had filed 240

---

[2] Such term is particularly odd in light of Wynn's admission that "injunctive relief [is] the sole remedy under Title III [of the ADA]."  Renewed Motion to Dismiss, p. 10.

other ADA lawsuits had standing to sue a gas station where he testified he intended to return to the subject station as a tester and to use the restroom if it was accessible had standing; also held that plaintiff's motivation for visiting the property (i.e. for purposes of the lawsuit) was irrelevant - only his intent to return was relevant); *Clark v. McDonald''s Corporation*, 213 F.R.D. 198 (D.N.J. 2003) (Where paraplegic's purpose in visiting the restaurant was to test its compliance with the ADA, and to avail himself of the goods and services, he had standing; dual motivation sufficed to make the plaintiff a "bona fide patron.").

1.      **Concerning Spalluto's Standing**

Wynn has observed that Mr. Spalluto has filed ADA complaints[3] against "Emerald Suits" [sic], "Travelodge Ambassador Strip Inn," "Gold Rush Casino and Hotel, LLC," and "Hooters Casino Hotel" wherein he has alleged that he "plans to return to the property to avail himself of the goods and services offered to the public at the property." Renewed Motion to Dismiss, p. 12. The "goods and services" offered to the public by hotels in Las Vegas can include dining, drinking alcoholic beverages, gambling away hard-earned money, and other bacchanalian "amenities." On any visit (indeed on any single day of a visit to Las Vegas), a plaintiff may attend a show at the Wynn Las Vegas, have drinks at the Emerald Suites, gamble at the Gold Rush, partake of some other activity at Hooters and then sleep at the Travelodge. Clearly, Mr. Spalluto's allegations in the various complaints are not "conflicting."

---

[3]     Defendants characterize Plaintiff Spalluto as a "professional plaintiff." While it is apparent that Mr. Spalluto is a prodigious litigant regarding access violations, Defendants provide no evidence regarding any pay that Mr. Spalluto has received for such activity. It is as if a man who had donated 10 gallons of blood to the Red Cross over 15 years were to be termed a "professional" blood donor. Public service to the disabled community should not be so casually disparaged with the implication of financial incentive -- especially where the financial incentive that Defendants impugn is simply not provided under the law.

10

**2.        Concerning Norkunas' Standing**

Wynn also characterizes Plaintiff Norkunas as a "professional" ADA tester. The citations provided by Wynn do not support such characterization. While Mr. Norkunas is a professional ADA inspector, that is quite different from a "tester." The term "tester" as applied in civil rights litigation is a person who makes an inspection for the purpose of verifying compliance with the law and (if the law is violated) for filing a lawsuit. Because Mr. Norkunas (as with Mr. Spalluto) is a person with a disability, he may have standing as a tester. Wynn has shown that Mr. Norkunas has, in a case other than this one, served as a "tester," but Wynn neglects (for whatever reason) to note that Mr. Norkunas also had a "*personal* desire to have access to places of public accommodation free of illegal access to barriers."

**3.        Concerning DRAC's Standing**

The Ninth Circuit has held:

> that when a plaintiff who is disabled within the meaning of the ADA *has actual knowledge* of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the "futile gesture" of attempting to gain access in order to show actual injury during the limitations period. When such a plaintiff seeks injunctive relief against an ongoing violation, he or she is not barred from seeking relief either by the statute of limitations or by lack of standing.

*Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (emphasis added).

Where an ADA plaintiff states "that he is currently deterred from attempting to gain access to [a] store, [such plaintiff] has stated sufficient facts to show concrete, particularized injury." *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d at 1137-38.

One of DRAC's members (Ms. Thompson) *encountered* discriminatory conditions at Wynn Las Vegas. Another of DRAC's members (Mr. Lee) *has knowledge of*

11

discriminatory conditions at Wynn Las Vegas. DRAC alleges that its members desire the ability to access on a non-discriminatory basis the goods and services available to the public at Wynn Las Vegas and until such access is provided, its members' dignity interests are injured when they either visit Wynn Las Vegas or are deterred from visiting Wynn Las Vegas because of the discriminatory conditions. See First Amended Complaint, ¶¶ 11 and 14. Wynn asserts that such allegations are insufficient to confer standing because there is no allegation of a "concrete plan" to return. Such allegation, however, is simply not required because an ADA plaintiff who is currently *deterred* from attempting to gain access to a place of public accommodation has stated sufficient facts to show concrete, particularized injury. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d at 1137-38.

4.       **Concerning Standing for Violations Not Encountered By Plaintiffs Nor Specifically Known to Plaintiffs.**

Plaintiffs admit that they are not entitled to conduct a "wholesale" audit of Wynn Las Vegas. They do not have standing to seek remediation of ADA violations that do not relate to wheelchair access. Plaintiffs do, however, have standing to seek remediation of all ADA violations that relate to wheelchair access. See, *Steger v. Franco, Inc.*, 228 F.3d 889, 893-94 (8th Cir. 2000) (Blind plaintiff had standing to obtain barrier removal of all ADA violations that could injure him in building where he encountered only one violation). Indeed, there is precedent in the Ninth Circuit supporting such breadth of standing:

> we agree with *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000), in which the Eighth Circuit held that a blind plaintiff who had only once attempted to enter the defendant's building had standing to bring an ADA challenge. The plaintiff was thwarted in his attempt to gain access to the men's restroom in the building because the signage did not comply with the ADA. *Id*. at 893-94. Like that

12

> plaintiff, Doran has personally encountered certain barriers that bar his access to Holiday's Paradise store. Further, the *Steger* court rejected the defendant's argument that the blind plaintiff could challenge the ADA violation only as to the restroom he had attempted to access, stating that such a "narrow construction" of the ADA would be "not only …inefficient, but impractical." *Id. See also Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1080-81 (D. Haw. 2000) ("This court is reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice. …Plaintiff should not be required to encounter every barrier seriatim …to obtain effective relief." (internal quotations and citation omitted)).

*Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d at 1138.

DRAC's status as a disabled rights organization further indicates that it should have standing beyond "piecemeal" compliance. Such broader standing is in accordance with *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698 (D.Or. 1997), a case that this Court has described as "a thorough and well-reasoned decision rendered by United States Magistrate Judge Ashmanskas, in the District of Oregon . . . which addresses wheelchair access to arena or stadium facilities, and the applicability of Title III to suites in such facilities." *Long v. Coast Resorts, Inc.*, 32 F.Supp.2d 1203, 1211(D.Nev. 1998) (rev'd on other grounds, *Long v. Coast Resorts, Inc.*, 267 F.3d 918 (9th Cir. 2001). That thorough and well-reasoned decision noted that "[i]t is in the interests of all concerned, and judicial efficiency, to address all of these claims and issues in a single proceeding" and that "representative standing" -- when asserted by a disabled rights organization that challenges inaccessible conditions at an arena – is very much in the nature of a class action and "would appear to be an appropriate candidate for *jus tertii* standing." *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. at 761-63.

13

**VI.       CONCLUSION**

In light of the foregoing, Plaintiffs submit that the Renewed Motion to Dismiss should be DENIED in full, or in the alternative, that leave should be granted to file a Third Amended Complaint that incorporates such heightened pleading requirements as may be deemed necessary by the Court.

RESPECTFULLY SUBMITTED this 10th day of July, 2007.

ARMKNECHT & COWDELL, P.C.


By: _____/s/ Richard F. Armknecht__
Richard F. Armknecht, III, Esq.
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that service of the above-described document has, on the date set forth below, been made by mailing a copy of the originals thereof, in a first class postage prepaid envelope, to the following address:

Michael V. Infuso, Esq.
BROWNSTEIN HYATT FARBER SCHRECK
1200 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101

Attorneys for Defendants, Wynn Las Vegas, LLC, Wynn Resorts Limited, and Wynn Resorts Holdings, LLC.

DATED this 10th day of July, 2007.

          /s/   Richard F. Armknecht
Richard F. Armknecht, III, Esq.