# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM NORKUNAS; et al., | Case No.: 2:07-cv-00096-RLH-PAL |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion to Dismiss or, alternatively, Motion for a More Definite Statement–#15) |
| WYNN RESORTS HOLDINGS, LLC; WYNN RESORTS LIMITED; WYNN LAS VEGAS, LLC, | |
| Defendants. | |

Before the Court is Defendants Wynn Resorts Holdings, LLC, Wynn Resorts Limited, and Wynn Las Vegas, LLC's (collectively "Wynn Las Vegas" or "Defendants") **Motion to Dismiss or, alternatively, Motion for a More Definite Statement** (#15), filed June 22, 2007. The Court has also considered Plaintiffs William Norkunas ("Norkunas"), Peter Spalluto ("Spalluto"), and Disabled Rights Action Committee's ("Disable Rights") Opposition (#17), filed July 10, 2007, and Defendants' Reply (#23), filed August 21, 2007.

Defendants' request for oral argument is denied.

## BACKGROUND

This case arises from Defendant Wynn Las Vegas' alleged violations of the Americans with Disabilities Act ("ADA"). Plaintiffs Norkunas and Spalluto are disabled individuals requiring the use of a wheelchair for mobility. Professionally, Norkunas describes

himself as a professional ADA consultant, while Spalluto asserts that he is a civil rights activist with an extensive history as a litigant of ADA design and construction violations. Plaintiff Disabled Rights is a Utah non-profit organization that aims to eliminate discrimination against individuals with disabilities by ensuring compliance with laws such as the ADA. Its members include individuals with disabilities, including Tamara Thompson, who is also wheelchair bound. Norkunas, Spalluto and Disabled Rights (through Thompson[1]) all allege to have suffered discrimination at the Wynn Las Vegas Hotel and Casino due to Defendants' alleged failure to comply with ADA requirements.

Regarding their specific allegations, Spalluto alleges that he encountered discriminatory seating conditions at a theater performance. He alleges that he travels to Las Vegas more than once a year and desires the ability to access Wynn Las Vegas' goods and services on a non-discriminatory basis but is currently deterred from doing so because of the facility's discriminatory conditions. The current action is one of at least six other ADA-related cases Spalluto has filed in this state.

Similarly, Disabled Rights complains that discrimination against it occurred when Thompson was confronted with various ADA violations during her visit, including counters with cash registers that were not lowered for wheelchair access and certain objects placed on lowered counters that impaired her ability to access both the counter and a bathroom mirror. Disabled Rights argues that its Las Vegas area members desire non-discriminatory access to Wynn Las Vegas' goods and services and are deterred from visiting because of its ADA noncompliance. Like Spalluto, both Disabled Rights and Thompson are plaintiffs in at least six other ADA actions filed in this state.

//

---

[1] Plaintiffs also allege that another member, Robert Lee, has knowledge of discriminatory conditions at Wynn Las Vegas. However, it does not appear that Disabled Rights attempts to confer standing through this individual.

1  Norkunas alleges a more extensive list of violations. He alleges that he
2  experienced discrimination by Defendants due to the following ADA violations: no ADA-required
3  disabled seating in both theaters, lack of ADA directional signage, no handrails on accessible
4  routes with changes in elevation, ramps without ADA compliant handrails, interior doors requiring
5  more than five pounds of force to open, cash registers on counters that were not lowered for
6  wheelchair access, counters for food that were not lowered, dining areas with no accessible tables,
7  public restrooms with inaccessible elements, and a lowered counter at the registration desk had
8  ornamental items on it so that less than thirty-six inches of counter space was available. In
9  addition, he alleges that he travels to Las Vegas more than once a year and plans to stay at the
10 Wynn Las Vegas each visit but is deterred from visiting due to his apprehension that he will again
11 encounter discriminatory conditions. Regarding his litigation history, Norkunas has labeled
12 himself an "ADA tester" in at least one case filed in the Southern District of Florida and, to the
13 Court's knowledge, is not involved in any ADA litigation in this jurisdiction.
14 For these alleged violations, Plaintiffs assert the following claims: (1) failure to
15 design and construct accessible facilities; (2) failure to maintain accessible features; and (3) failure
16 to make reasonable modifications in policies, practices, or procedures. Defendants move to
17 dismiss under Fed. R. Civ. P. 12(1) for lack of subject matter jurisdiction, arguing that Plaintiffs
18 lack standing to bring the case.

19                              **DISCUSSION**
20 **I. Standards**
21    **A. Rule 12(b)(1) Motion to Dismiss**
22 Under Fed. R. Civ. P. 12(b)(1), a claim may be dismissed for lack of subject matter
23 jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of
24 proving jurisdiction to survive the motion. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d
25 495, 499 (9th Cir. 2001). In moving to dismiss under Rule 12(b)(1), the challenging party may
26 either make a "facial attack" on the allegations of the jurisdiction contained in the complaint or a

"factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). If the motion is a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987).

If, however, the defendant supports the motion with affidavits, testimony or other evidentiary materials, the attack is factual and the burden shifts to the plaintiff to "furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction," *Savage*, 343 F.3d at 1039 n.2, and the plaintiff cannot rely on the mere assertion that factual issues may exist, *Trentacosta*, 813 F.2d at 1558 (citations omitted). On a factual attack, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of a disputed material fact will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730 (9th Cir. 1979). The plaintiff's burden then becomes the same as that required under Fed. R. Civ. P. 56(e), requiring him to set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Trentacosta*, 813 F.2d at 1559.

Here, Defendants have factually attacked the allegations set forth in Plaintiffs' Amended Complaint and have supported their Motion to Dismiss with extrinsic evidence. Plaintiffs are therefore required to submit extrinsic evidence to conclusively show that this Court has subject matter jurisdiction or, at a minimum, demonstrate that a factual dispute exists.

**B. Standing**

Defendants challenge Plaintiffs' Article III standing to bring the current action. Article III of the Constitution limits the judicial power of the federal courts to the resolution of "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. To establish that a case or controversy exists, a plaintiff must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely that the injury will be redressed by a

favorable court ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Here, Defendants' argue that Plaintiffs have not suffered an injury in fact.

The injury in fact suffered by a plaintiff must be "(a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). Where a plaintiff seeks injunctive relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). A court evaluates "the *reality* of the threat of repeated injury . . . not the plaintiff's subjective apprehensions." *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983) (emphasis in original).

In the ADA context, a plaintiff suffers a "concrete and particularized" injury when he personally encounters the barrier complained of or is deterred from visiting the public accommodation as a result of the barrier. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137–38 (9th Cir. 2002). A plaintiff suffers "actual or imminent" injury if he is either currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA (actual injury) or threatened with harm in the future because of existing or imminently threatened ADA noncompliance (imminent injury). *See id.* at 1138.

Here, Defendants argue that Plaintiffs' litigation history, among other factors, undercuts the actuality or imminency of their alleged injuries, thereby depriving them of standing.

**II. Plaintiffs' Complaint**

Defendants do not dispute the sufficiency of the allegations in Plaintiffs' Complaint. Rather, they dispute the truthfulness of the allegation that Plaintiffs have a genuine intent to return to Wynn Las Vegas to avail themselves of its goods and services, thereby negating the element of standing that requires an actual or imminent injury. Despite Defendants' factual attacks, Plaintiffs fail to respond with any opposing evidence. As outlined above, Plaintiffs have the burden to refute Defendants' factual attack with their own extrinsic evidence. *Savage*, 343

AO 72
(Rev. 8/82)

F.3d at 1039 n.2; *Trentacosta*, 813 F.2d at 1558.  In place of submitting evidence, however, Plaintiffs resort to the general 12(b)(6) dismissal standard and urge the Court to evaluate standing based on the allegations in their Amended Complaint.

Plaintiffs' failure to respond to Defendants' substantive attacks constitutes a concession to their truth.  Plaintiffs have not presented the Court with any evidence, or even argument, of a definite and concrete plan for any of them to avail themselves of the goods and services of Wynn Las Vegas.  As explained by the United States Supreme Court, "'some day' intentions–-without any description of concrete plans, or indeed even any specification of *when* the some day will be–-do not support a finding of [] 'actual or imminent' injury." *Lujan*, 504 U.S. at 564 (emphasis in original).  Plaintiffs allege in their Amended Complaint that they desire to use the goods and services of Wynn Las Vegas.  However, a mere expressed desire does not, by itself, imply an intent to return. *Tandy v. City of Wichita*, 380 F.3d 1277, 1288 (10th Cir. 2004).  In *Tandy*, the court dismissed a plaintiff at the summary judgment stage after he failed to support an allegation of his desire to use the city's bus system by affidavit. *Id.*  So it is here.  Plaintiffs cannot rely only on an allegation that they desire to return to Wynn Las Vegas to survive Defendants' factual challenge. *Trentacosta*,  813 F.2d at 1559 (stating that on a factually attacked 12(b)(1) motion to dismiss, the nonmoving party's burden is that of Rule 56(e)).

The requirement that Plaintiffs' submit evidence to support their professed intent to return to Wynn Las Vegas is especially important where, as here, Plaintiffs have an extensive litigation history relating to ADA claims.  As other courts have indicated, a plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return. *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164–68 (C.D. Cal. 2005) (holding that litigation history is relevant in determining standing); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374–75 (M.D. Fla. 2004) (holding that "in view of his extensive litigation history, [plaintiff's] professed intent to return to the property is insufficient.").

/ /

1   None of the Plaintiffs are strangers to ADA litigation. Norkunas, in an action filed
2 in the Southern District of Florida,[2] admits that he is an ADA "tester." In that action, he explains
3 that he visits establishments "for the purpose of discovering, encountering, and engaging
4 discrimination against the disabled in public accommodations." (Mot. to Dismiss, Ex. 1.) After
5 exposing the establishments' noncompliance, he thereafter makes subsequent visits to monitor
6 their compliance or lack thereof. Further, Disabled Rights, Thompson,[3] and Spalluto[4] have each
7 filed no less than six ADA actions in this state. The fact that Plaintiffs have been and/or are
8 currently involved in other ADA lawsuits does not in itself automatically render their professed
9 intent to return to Wynn Las Vegas disingenuous. The problem is that they have not submitted
10 any evidence as required under the applicable 12(b)(1) standard demonstrating that their intent is
11 not as Defendants portray. Without an actual intent to return, Plaintiffs have suffered neither an
12 actual nor imminent injury. *Lujan*, 504 U.S. at 564.

13   Further subverting their professed intent to return, Defendants submit that
14 Norkunas and Spalluto are Florida residents; that Norkunas has patronized Wynn Las Vegas only
15 twice and contrary to his assertion that he visits more than once per year, has not traveled to Las
16 Vegas in over one year; and that Spalluto has visited Wynn Las Vegas on only one occasion.

---

[2] *See* Norkunas v. Colony West Golf Club, No. 07-60290 (S.D. Fla. Feb. 28, 2007).

[3] Disabled Rights and Thompson are plaintiffs in the following actions: (1) Thompson v. Rancho Del Norte Villas, Inc., No, CV-S-05-156 (D. Nev. Feb. 4, 2005); (2) Thompson v. Brittnae Pines Apartments, LLC, No. CV-S-05-155 (D. Nev. Feb. 4, 2005); (3) Thompson v. Mountain Peak Associates, LLC, No. CV-S-05-145 (D. Nev. Feb. 2, 2005); (4) Thompson v. Pulte Home Corp., No. CV-S-04-333 (D. Nev. March 22, 2004); (5) Thompson v. The Fremont Street Experience, LLC, No. 2:06-cv-1642 (D. Nev. Dec. 22, 2006); (6) Disabled Rights v. Stratosphere Gaming Corp., No. A430070 (Eighth Jud. Dist. Nev. Jan. 31, 2001).

[4] (1) Access 4 All, Inc. v. Emerald Suites Tropicana Phase II, LLC, No. 2:06-cv-1260 (D. Nev. Oct. 9, 2006); (2) Access 4 All, Inc. v. Tropicana Station, No. 2:06-cv-1379 (D. Nev. Oct. 30, 2006); (3) Access 4 All, Inc. v. Travelodge Ambassador Strip Inn, No. 2:06-cv-1378 (D. Nev. Oct. 30, 2006); (4) Access 4 All, Inc. v. Gold Rush Casino and Hotel, LLC, No. 2:06-cv-1377 (D. Nev. Oct. 30, 2006); (5) Access 4 All, Inc. v. 155 East Tropicana ("Hooters Casino Hotel"), No. 2:06-cv-1376 (D. Nev. Oct. 30, 2006); (6) Access 4 All v. Access 4 All, Inc. v. Rebel Oil Co., No. 2:06-cv-1259 (D. Nev. Oct. 9, 2006).

These facts, Defendants conclude, further expose Norkunas and Spalluto's disingenuous intent to return to Wynn Las Vegas. *See Harris v. Stonecrest Care Auto Center, LLC*, 472 F. Supp. 2d 1208, 1216–17 (S.D. Cal. 2007) (finding that due to the large number of ADA lawsuits brought in the district compared to his limited presence, plaintiff was not likely to return).

Regarding Disabled Rights' standing, Defendants argue because Thompson did not visit Wynn Las Vegas until approximately three months after the filing of the original Complaint in this action, it lacks standing because the alleged injury occurred after the lawsuit commenced. *Friends of the Earth*, 528 U.S. at 191 (standing is established at the time the complaint is filed); *Moyer v. Walt Disney World Co.*, 146 F. Supp.2d 1249, 1253–54 (M.D. Fla. 2000) (holding that plaintiff's visit to defendant's business after the complaint was filed did not confer standing). However, Disabled Rights was not added as a Plaintiff until the filing of the Amended Complaint. Given that Thompson alleges she encountered discriminatory conditions at Wynn Las Vegas prior to the filing of the Amended Complaint, Defendants' timing argument fails. Defendants further argue that the timing of her visit to Wynn Las Vegas in relation to the filing of the Complaint indicates that she visited for the sole purpose of bringing this action. *Trentacosta*, 813 F.2d at 1558 (stating that on a factually challenged 12(b)(1) motion to dismiss, a pleading's allegations become evidence).

Notwithstanding the aforementioned attacks on their intent to return, Plaintiffs submit no evidence in rebuttal. Perhaps in an attempt to bypass the intent to return requirement, Plaintiffs argue that other jurisdictions have held that ADA testers have standing to bring their claims. *See e.g., Tandy*, 380 F.3d at 1285 (holding that testers have standing under Article II of the ADA); *Shaver v. Indep. Store Co.*, 350 F.3d 716, 723–25 (8th Cir. 2003) (holding that a tester had standing to maintain Title I ADA claims despite the fact that plaintiff "manufactured" his claims). In so arguing, Plaintiffs simultaneously assert that Norkunas, though he served as a tester in other lawsuits, did not serve in that role when he visited Wynn Las Vegas. Neither do Plaintiffs assert that Spalluto or Thompson acted as testers during their visits. Rather, Plaintiffs emphasize

Norkunas, Spalluto, and Thompson's personal desires to return. If not acting as testers on their respective visits to Wynn Las Vegas, the issue of tester standing is irrelevant, and the burden remains on Plaintiffs to prove they each have individual standing to bring the current lawsuit. As outlined above, Plaintiffs have failed to meet their burden.

Because Plaintiffs have failed to show that they will be subjected to future instances of the alleged ADA violations at Wynn Las Vegas, the Court dismisses their Amended Complaint for lack of standing. *See Trentacosta*, 813 F.2d at 1559 (granting defendants' motion to dismiss for lack of subject matter jurisdiction because plaintiff did not present any evidence outside of the pleadings to counter defendants' 12(b)(1) factual attack).

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#15) is GRANTED.

Dated: October 9, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**